IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11CR321-1 |
| | ) | |
| MONTE EMMANUEL STRAITE | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Monte Emmanuel Straite's third pro se Motion for Reduce[d] Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. #123]. The basis for this motion is the stacking of Straite's 18 U.S.C. § 924(c) convictions, which was previously addressed when his second motion was denied. However, he now provides additional support in the way of evidence of his post-sentencing conduct that was missing from the previous motion. He requests a sentence reduction to time served. For the reasons explained below, his motion is denied.

On October 25, 2012, Straite was sentenced to 519 months' imprisonment for armed bank robbery, attempted armed bank robbery, and brandishing a firearm on each occasion. Although the threshold requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional and, therefore, may be waived or forfeited, United States v. Muhammad, 16 F.4th 126, 130 (4th 2021), Straite has nevertheless complied with that requirement by filing the instant motion after thirty days lapsed since the warden's receipt of his request for compassionate release.

Straite must meet his burden of showing that an extraordinary and compelling reason warrants relief, 18 U.S.C. § 3582(c)(1)(A)(i), and this he has not done. See United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (finding "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)," "empower[ing]" courts "to consider any extraordinary and compelling reason for release that a defendant might raise") (citation omitted); U.S. Sentencing Guideline § 1B1.13, Application n.1 (providing circumstances found to be extraordinary and compelling) cited in McCoy, 981 F.3d at 282 n.7 (noting that § 1B1.13 "remains helpful guidance even when motions are filed by defendants").

This Court previously addressed Straite's challenge to the stacking of his § 924(c) convictions, (Mem. Op. & Order at 2-5 [Doc. #122]), and explained that his "conviction in Count 6 of the indictment would now necessitate a consecutive seven-year sentence, rather than a consecutive twenty-five year sentence", "a significant difference", (id. at 5). In this third motion, Straite concludes that "the court should find that [his] continued incarceration under a sentencing scheme that has since been substantially amended is a permissible 'extraordinary and compelling' reason to consider him for compassionate release."

When Straite's previous motion was addressed, it was determined that the necessary "individual assessment" of him "reveals a very different narrative than that of the defendants in McCoy." (Id.) After his criminal history and offense

2

conduct underlying the instant convictions were detailed, (id. at 5-6), it was explained that,

> In sum, less than two months after being released to supervision after serving a term of imprisonment for two counts of felony robbery with a dangerous weapon, Straite committed armed bank robbery then returned several months later to do the same, thwarted only by the bank manager's swift action. This conduct reveals someone undeterred from committing violent crimes.

(Id. at 6.) And, at the time, there was nothing before the Court about Straite's post-sentencing conduct other than his October 2020 opposition to the Government's motion to authorize payment from his inmate trust account toward his special assessment and restitution.

Now he presents a more complete picture of his time in custody.[1] According to Straite, "he has demonstrated personal characteristics that reflect positively on him and substantial rehabilitation." While incarcerated with the Bureau of Prisons, Straite has earned his GED and participated in numerous educational and vocational courses including a 300-hour culinary arts program, a 100-hour custodial maintenance program, and a 100-hour typing program. Other courses include commercial driver license, carpentry, microeconomics, finance, business, Microsoft Office, Spanish, and health and wellness. He has also participated in drug counseling and completed drug education and nonresidential drug treatment.

---

[1] Straite specifically labels this information as support for his request under the factors in 18 U.S.C. § 3553(a); however, his post-sentencing conduct is also relevant to the assessment of extraordinary and compelling reasons.

3

Straite has worked as a unit orderly, in dining, and in the commissary, among other work assignments. He describes his conduct in prison as "overwhelming[ly] positive and reflective of substantial rehabilitation." Indeed, he has had only four disciplinary infractions – in 2013, refusing to obey an order, failing to stand count, and being insolent to staff member and, in 2017, refusing to obey an order. He has had no infractions since then. He claims that he is no longer "a danger to the safety of others or the community", as evidenced in part by his "LOW" score on the PATTERN risk assessment.

And, it is apparent from letters of support that Straite's family and friends love him and believe in him. He also has community support, importantly from business owners who have extended him offers of employment upon his release. Straite's efforts and achievements while in custody are commendable, especially considering his lengthy sentence which may easily have deterred someone less determined. They, along with the support of his family and community, will serve him well in custody and when he is released.

Straite asks that his sentence be reduced to 180 months (84 months followed by 84 months for his two § 924(c) convictions consecutive to a one-year sentence for his robbery convictions) and that he be sentenced to time served. Even if the stacking of Straite's § 924(c) convictions were considered extraordinary and compelling, he has not shown that extraordinary and compelling reasons support reducing the sentence imposed for the robbery convictions, the statutory mandatory minimums for his § 924(c) convictions foreclose such relief,

4

and the § 3553(a) factors do not support granting the request as he has calculated.

Straite was sentenced to 135 months for the robbery convictions (to be served in addition to the sentence for the § 924(c) convictions).  He wants that sentence reduced to one year, but he has not argued that extraordinary and compelling reasons support such a reduction and his post-sentencing conduct is insufficient to make such a finding.

Straite also asks that his 32-year sentence for the stacked § 924(c) convictions be reduced to 14 years and that, combined with his consecutive one-year sentence for the robberies, he receive a sentence of time served.  But, Straite has yet to serve the mandatory minimum of 14 years even if he had been sentenced under the First Step Act for his § 924(c) convictions, much less the additional 135 months for his robbery convictions for a total of 303 months, at a minimum.  Thus, a sentence of time served or even a sentence of 180 months as he calculated is not sufficient to reflect the seriousness of the offenses, promote respect for the law, or provide just punishment for the offenses.

For the reasons explained in this Memorandum, IT IS HEREBY ORDERED that Defendant Monte Emmanuel Straite's third pro se Motion for Reduce[d] Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. #123] is DENIED.

This the 14th day of February, 2022.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge

5