IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:11CR321-1 |
| | ) | |
| | ) | |
| MONTE EMMANUEL STRAITE | ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Defendant Monte Emmanuel Straite's pro se motion entitled "Motion to Alter or Amend Judgment (Fed. R. Civ. P. Rule 59(e))" [Doc. #125], which is construed as a motion to reconsider the most recent order denying compassionate release. Each of Straite's three compassionate release motions has been denied for lack of extraordinary and compelling reasons. (Mem. Order (Dec. 10, 2020) [Doc. #118]; Mem. Op. & Order (Mar. 8, 2021) [Doc. #122]); Mem. Order (Feb. 14, 2022) [Doc. #124].) In this motion, Straite claims to have discovered a study addressing adolescent brain development, again notes the "disparity" resulting from changes to 18 U.S.C. § 924(c), criticizes the Court for purportedly overlooking certain evidence (his age at the time of the underlying offense, family circumstances, risk score, and letter to the court) when it denied his most recent motion, and requests a sentence reduction to 168 months. For the reasons explained below, the motion is denied.

The Government was asked to review Straite's previous motions and the Court's corresponding orders and to respond to the instant motion. The

Government has done so, construes Straite's motion as one for compassionate release, and opposes the motion. (Gov't's Resp. to Def.'s Mot. [Doc. #131].)

The Government does not contest Straite's compliance with the threshold requirement in 18 U.S.C. § 3582(c)(1)(A). Even so, Straite must meet his burden of showing that an extraordinary and compelling reason warrants relief. 18 U.S.C. § 3582(c)(1)(A)(i); see also United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (finding "no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A)," "empower[ing]" courts "to consider any extraordinary and compelling reason for release that a defendant might raise") (citation omitted); U.S. Sentencing Guideline § 1B1.13, Application n.1 (providing circumstances found to be extraordinary and compelling) cited in McCoy, 981 F.3d at 282 n.7 (noting that § 1B1.13 "remains helpful guidance even when motions are filed by defendants").

As it relates to the instant motion, the Court previously addressed Straite's challenge to the stacking of his § 924(c) convictions,[1] (Mem. Order at 2 [Doc. #124] (citing Mem. Op. & Order at 2-5 [Doc. #122])); his criminal history and offense conduct,[2] (id. at 2-3 (citing Mem. Op. & Order at 5-6 [Doc. #122])); his

---

[1] The Government agrees that if Straite were sentenced today, he "would face lower mandatory minimums" and that the "Court can consider that fact, along with his individual circumstances in determining whether extraordinary reasons exist for granting relief." (Gov't's Resp. at 5.)

[2] As has the Court, (Mem. Op. & Order at 5, 7 [Doc. #122]), the Government distinguishes Straite from the defendants in McCoy. (Gov't's Resp. at 9-10.)

2

post-sentencing conduct[3] including educational, vocational, and drug programming, disciplinary record, and work assignments; as well as his "LOW" score on the PATTERN risk assessment and the love and support from his family and community, (id. at 3-4). Nothing now before the Court changes the significance or analysis of those facts.

Straite claims to have recently discovered a study about the development of the adolescent brain. (Mot. to Alter or Amend J. at 8-9 (citing Mariam Arain et al., Maturation of the Adolescent Brain, 9 Neuropsychiatric Disease and Treatment 449-61 (2013), available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC3621648/ and Graham v. Florida, 560 U.S. 48, 68-69 (2010)).) But courts have long understood the concept that "the brain remains under construction during adolescence", Arain. See, e.g., Graham, 560 U.S. at 68 (noting that "developments in psychology and brain science continue to show fundamental differences between juvenile and adult minds" and that "parts of the brain involved in behavior control continue to mature through late adolescence"). Thus, the concepts discussed in the Arain study, as well as Straite's age at the time of the underlying offense and family circumstances (Presentence Report ¶¶ 53, 54 (adopted without change)) were known to the Court at the time of his sentencing and do not constitute extraordinary and compelling reasons, even coupled with the other bases on which

---

[3] The Government recognizes that he "has done numerous positive things while incarcerated." (Gov't's Resp. at 10.)

3

he relies. Neither do the sentiments expressed in Straite's eloquent letter of acceptance and understanding of his past criminal conduct and future goals.

As previously explained, even if the difference in the sentence that Straite received for his stacked § 924(c) convictions and the sentence now available for his § 924(c) convictions were extraordinary and compelling, his request of a sentence reduction to 168 months would not be granted because it does not account for the 135-month sentence imposed for the armed robbery and attempted armed robbery counts. Considering the nature and circumstances of the underlying offenses and Straite's characteristics, such a sentence would not serve the aims of 18 U.S.C. § 3553(a) to reflect the seriousness of the offenses, promote respect for the law, provide just punishment for the offenses, deter Straite or others from criminal conduct, or protect the public.

Therefore, Straite's motion is denied without prejudice to his renewing the motion when he "is closer to serving an appropriate sentence", United States v. Martin, No. 1:11-CR-48-2, 2022 WL 706648, at *6 (M.D.N.C. Mar. 9, 2022). (See Inmate Data (noting that Straite had served 10 years, 6 months, 15 days as of March 21, 2022) [Doc. #131-1].) As another judge in this district has noted,

> This approach has many benefits. It is likely the case law will develop to provide judges with more direction and that developing conflicts between and among the Courts of Appeals on the scope of a § 3582(c)(1)(A) motion may be resolved. And the Court may by then have guidance from the Sentencing Commission on how to assess these motions filed by defendants, as contemplated by Congress.

4

Martin, 2022 WL 706648, at *6 (internal citation omitted).  Perhaps, too, the science of brain development and courts' application of it may evolve.  Straite will also have the opportunity to demonstrate his continued rehabilitation efforts and strong release plan. See, e.g., id.; United States v. Berry, Nos. 1:05-CR-118, 1:05-CR-119, 2021 WL 4310598 (M.D.N.C. Sept. 22, 2021); United States v. Hancock, Nos. 1:06-CR-206-2, 1:07-CR-71-1, 2021 WL 848708 (M.D.N.C. Mar. 5, 2021), aff'd, No. 21-7393 (4th Cir. Mar. 1, 2022).

For the reasons stated above, IT IS HEREBY ORDERED that Defendant Monte Emmanuel Straite's pro se Motion to Alter or Amend Judgment (Fed. R. Civ. P. Rule 59(e)) [Doc. #125] is DENIED without prejudice.

This the 10th day of May, 2022.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge