**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| MONTE EMMANUEL STRAITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11CR321-1 |
| | ) | 1:15CV910 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Court (per Senior United States District Judge N. Carlton Tilley, Jr.) entered a Judgment against Petitioner imposing, inter alia, consecutive prison terms of (A) 135 months on Counts Two and Five of the Indictment (for an armed bank robbery committed on April 23, 2009, and an attempted armed bank robbery committed on July 6, 2009, respectively, both in violation of 18 U.S.C. § 2113(d)), (B) 84 months on Count Three of the Indictment (for carrying and using, by brandishing, a firearm, during and in relation to the armed bank robbery on April 23, 2009, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) ("Section 924(c)")), and (C) 300 months on Count Six of the Indictment (for carrying and using, by brandishing, a firearm, during and in relation to the attempted armed bank robbery on July 6, 2009, in violation of Section 924(c)). (Docket Entry 52 at 1-2; see also Docket Entry 1

(Indictment); Docket Entry 40 (Verdict Form).)[1]  After the United States Court of Appeals for the Fourth Circuit affirmed and the United States Supreme Court refused review, see United States v. Straite, 576 F. App'x 211 (4th Cir.), cert. denied, 574 U.S. 986 (2014), Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 78), as well as a Motion to File a Supplemental Pleading ("Supplement Motion") (Docket Entry 88) and Supplemental Pleading ("Supplemental Section 2255 Motion") (Docket Entry 89).

Those latter two filings "raise[d] an additional ground for relief, pursuant to, and based upon [Johnson v. United States, 576 U.S. 591 (2015) (ruling residual clause of 'violent felony' definition in 18 U.S.C. § 924(e) void for vagueness)]" (Docket Entry 88 at 2), by asserting that "Johnson's reasoning applie[d] equally to the residual clause in 18 U.S.C. § 924(c)(3)(B) [(defining 'crime of violence')]" (Docket Entry 89 at 1 (space added)), such that, "in light of Johnson, [Petitioner's] manditory [sic] consecutive sentences under [Section ]924(c) were imposed in

---

[1] Parenthetical citations refer to Petitioner's above-captioned criminal case.  The jury also found Petitioner guilty of Counts One and Four of the Indictment, which charged him with bank robbery and attempted bank robbery, in violation of 18 U.S.C. § 2113(a), for the same robbery and attempted robbery that resulted in his convictions for armed bank robbery and attempted armed bank robbery (as charged in Counts Two and Five of the Indictment) (see Docket Entries 1, 40); the Judgment, however, imposes no sentence as to Counts One and Four, because "Counts 1 and 2 merge, and Counts 4 and 5 merge" (Docket Entry 52 at 2).

2

violation of the Constitution or laws of the United States, and exceeded the maximum authorized by law" (id.).[2] The undersigned Magistrate Judge recommended that the Court deny habeas relief, including as to Petitioner's Johnson claim. See Straite v. United States, Nos. 1:11CR321, 1:15CV910, 2022 WL 4370458, at *12 (M.D.N.C. Mar. 28, 2022) (unpublished) ("The claims in the Section 2255 Motion (as amended, of right, to add a Johnson[] challenge to Petitioner's Section 924(c) convictions) do not warrant collateral relief."), recommendation adopted, 2022 WL 4367642 (M.D.N.C. Sept. 21, 2022) (unpublished) (Tilley, S.J.).

In that recommendation, the undersigned Magistrate Judge observed that, "during the pendency of [Petitioner's] habeas action, the Supreme Court not only ruled Johnson retroactively applicable to cases on collateral review, see Welch v. United States, 578 U.S. 120 (2016), but also extended Johnson's reasoning

---

[2] Because Petitioner submitted the Supplement Motion and Supplemental Section 2255 Motion before the United States responded to the Section 2255 Motion (compare Docket Entry 89-1 at 2 (documenting submission of envelope containing Supplement Motion and Supplemental Section 2255 Motion to prison officials for mailing on June 24, 2016), with Docket Entry 86 at 23 (reflecting filing date of June 27, 2016)), he could amend this habeas action as a matter of course, see Fed. R. Civ. P. 15(a)(1)(B); see also 28 U.S.C. § 2242 (decreeing that habeas actions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"); Perry v. May, No. 3:22CV688, 2023 WL 406054, at *2 (N.D. Ohio Jan. 25, 2023) (unpublished) (applying prison mailbox rule to date calculation under Federal Rule of Civil Procedure 15(a)(1)(B)). That circumstance rendered the Supplement Motion moot and obligated the Court to address Petitioner's Johnson claim.

3

to 'conclu[de] that § 924(c)(3)(B), i.e., the residual clause in the 'crime of violence' definition, is unconstitutionally vague,' United States v. Davis, ___ U.S. ___, ___, 139 S. Ct. 2319, 2336 (2019)." Straite, 2022 WL 4370458, at *9 (internal brackets omitted). "However, even in light of Davis, the [undersigned Magistrate Judge recommended] den[ial of] Petitioner's Supplemental Section 2255 Motion because his Section 924(c) convictions and sentences [we]re nonetheless valid based on the force clause of that statute's definition of crime of violence." Id. (internal quotation marks and brackets omitted); see also id. ("As defined in § 924(c)(3), the phrase 'crime of violence' means a felony offense that either: '(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.' The Fourth Circuit has referred to subparagraph (A) of § 924(c)(3) as the force clause and to subparagraph (B) as the residual clause." (emphasis, internal brackets, and some quotation marks omitted) (block-quoting United States v. McNeal, 818 F.3d 141, 151-52 (4th Cir. 2016)).

In particular, that prior recommendation states:

> Count Three identifies the crime of violence, during and in relation to which Petitioner did carry and use, by brandishing, firearms, as armed bank robbery in violation of Section 2113(d). The Fourth Circuit expressly has held that "armed bank robbery is a crime of violence

4

> under the force clause." Therefore, Petitioner's conviction on Count Three under § 924(c)(1)(A)(ii) is not affected by Johnson or subsequent related cases like Davis and it remains valid.
>
> Regarding the Section 924(c) offense charged in Count Six, the predicate crime of violence is attempted armed bank robbery, in violation of Section 2113(d). "Attempted armed bank robbery qualifies as a crime of violence under the []force clause of Section 924(c)'s crime of violence definition, which is not unconstitutionally vague."
>
> Because (as with Count Three) Petitioner's conviction on Count Six rests on a crime of violence within the meaning of Section 924(c)'s force clause (obviating any need for resort to Section 924(c)'s residual clause), the Supplemental Section 2255 Motion affords him no basis for relief.

Id. at *10-11 (internal citations, ellipses, brackets, and some quotation marks omitted) (quoting McNeal, 818 F.3d at 157, and United States v. Armour, 840 F.3d 904, 907 (7th Cir. 2016), respectively).

In discussing the recommended denial of the Johnson claim as to Count Six, the undersigned Magistrate Judge noted that "[t]he Fourth Circuit ha[d] not directly ruled on whether attempted armed bank robbery constitutes a crime of violence under Section 924(c)'s force clause," id. at *10 n.13 (emphasis omitted), but that the "Fourth Circuit [ had] 'held that attempted Hobbs Act robbery [wa]s not categorically a crime of violence,'" id. (quoting United States v. Taylor, 979 F.3d 203, 210 (4th Cir. 2020) (internal quotation marks omitted)), with review of that ruling then-pending before the Supreme Court, see id. (citing United States v. Taylor, ___ U.S.

5

___, 141 S. Ct. 2882 (2021)). However, the undersigned Magistrate Judge further explained that:

> [e]ven if the Supreme Court ultimately le[ft] Taylor standing, and even if the Fourth Circuit thereafter resolve[d] the apparent conflict between [certain] language from [its decision in] McNeal and [certain] dicta from [its decision in] Taylor in a manner that precludes reliance on unarmed bank robbery attempts as crime-of-violence predicates under Section 924(c)'s force clause, Section 2113(d)'s additional element that the defendant "puts in jeopardy the life of any person by the use of a dangerous weapon' categorically defines attempted armed bank robbery as a crime of violence.

Id. (internal brackets, citations, and some quotation marks omitted) (emphasis in original) (quoting 18 U.S.C. § 2113(d)).[3]

Petitioner objected to the foregoing recommended denial of his Johnson claim as to his conviction on Count Six, expressly citing the Fourth Circuit's decision in Taylor. (See Docket Entry 135 at 11.) On September 21, 2022 (i.e., three months after the Supreme Court affirmed the Fourth Circuit's decision in Taylor), the Court (per Judge Tilley) adopted the above-discussed recommendation and dismissed this habeas action. (See Docket Entry 136 (Order); Docket Entry 137 (Judgment).) Petitioner did not give notice of appeal (see Docket Entries dated Sept. 21, 2022, to present), but did file a Motion to Alter or Amend Judgment (Docket Entry 138 ("Rule 59(e) Motion")), seeking relief "pursuant to Federal Rule of

---

[3] On June 21, 2022, the Supreme Court ultimately did affirm the Fourth Circuit's ruling in Taylor. See United States v. Taylor, ___ U.S. ___, 142 S. Ct. 2015 (2022).

6

Civil Procedure 59(e)" (id. at 1), as well as (more recently) a Motion to Reopen Section 2255 (Docket Entry 140 ("Rule 60(b)(1) Motion")), asking "to reopen his §2255 proceedings under Federal Rule of Civil Procedure 60(b)(1)" (id. at 1).[4]

The Rule 59(e) Motion and the Rule 60(b)(1) Motion both request that the Court revisit the Supplemental Section 2255 Motion's Johnson claim as to Count Six. (See Docket Entry 138 at 3 (stating that "only issue relevant here is whether the 'mandatory

---

[4] Pin cites to the Rule 59(e) Motion and the Rule 60(b)(1) Motion refer to the page number that appears in the footer appended to those documents upon their filing in the CM/ECF system (not to their original pagination). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). As documented above, the Court (per Judge Tilley) entered the Order and Judgment dismissing this habeas action on September 21, 2022, and although the Clerk did not docket the Rule 59(e) Motion until 29 days later (on October 20, 2022), Petitioner dated it as signed on October 14, 2022 (see Docket Entry 138 at 9) and the envelope conveying it bears a post-mark of October 18, 2022 (see Docket Entry 138-3 at 1), along with a stamped message attesting to the envelope's processing through the "special mail procedures" of Petitioner's prison on October 17, 2022 (id. at 2). The Court thus should treat the Rule 59(e) Motion as timely filed. See, e.g., Michelson v. Duncan, No. 1:17CV50, 2020 WL 1692345, at *2 (W.D.N.C. Apr. 7, 2020) (unpublished) (applying prison mailbox rule to deem motion timely under Federal Rule of Civil Procedure 59(e)). "[Federal] Rule [of Civil Procedure] 60(c) imposes deadlines on [Federal] Rule [of Civil Procedure] 60(b) motions. All must be filed 'within a reasonable time.' But for some, including motions under [Federal] Rule [of Civil Procedure] 60(b)(1), that 'reasonable time' may not exceed one year." Kemp v. United States, ___ U.S. ___, ___, 142 S. Ct. 1856, 1861 (2022) (internal citation omitted) (quoting Fed. R. Civ. P. 60(c)(1)). Even applying the date of docketing of the Rule 60(b)(1) Motion (i.e., July 3, 2023), Petitioner easily met that one-year filing deadline for relief from the Order and Judgment dismissing this habeas action (entered on September 21, 2022).

7

consecutive sentences under §924(c) were imposed in violation of the Constitution or laws of the United States, and exceeded the maximum authorized by law'" (internal citation omitted) (quoting Docket Entry 89 at 1 and correcting misspelling therein)), 4 ("Because the elements of attempted bank robbery does [sic] not invariably require the use, attempted use, or threatened use of physical force, th[at] offense does not qualify as a 'crime of violence' under 18 U.S.C. §924(c). [Petitioner's] §924(c) conviction in Count Six must be vacated, and he be resentenced."); Docket Entry 140 at 1-2 (referencing the Supplemental Section 2255 Motion's claim that "[Petitioner's] mandatory consecutive sentences under §924(c) were imposed in violation of [the] Constitution or laws of the United States, and exceeded the maximum authorized by law" (unmatched quotation mark omitted)), 3 ("[Petitioner] ask[s] the Court to reopen its September 21, 2022 [O]rder [and Judgment] to address the merits [of] whether he can receive a consecutive §924(c) [sentence for brandishing a firearm during an] attempted armed bank robbery . . . .").)

In support of that request, the Rule 59(e) Motion "contends that, after <u>Taylor</u>, attempted armed bank robbery and attempted bank robbery no longer qualify as crimes of violence under either clause of §924(c) . . . ." (Docket Entry 138 at 4 (underscoring added) (full case name and citation omitted); <u>see also</u> <u>id.</u> at 6 ("[T]he same reasoning that makes attempted Hobbs Act robbery not a crime

8

of violence should extend to attempted bank robbery." (referring to Taylor)), 7-8 ("[A] straightforward application of the categorical approach to 'attempted armed bank robbery' and 'attempted bank robbery' do [sic] not invariably require the use, attempted use, or threatened use of physical force." (stray comma omitted)); Docket Entry 139 at 5-6 (arguing in Request to Take Judicial Notice that, "since filing the [Rule] 59(e) [M]otion[,] new legal developments have occurred that which [sic] will have an effect on [its] disposition") (citing In re Patterson, No. 22-5683, 2022 U.S. App. LEXIS 34759 (6th Cir. Dec. 15, 2022) (unpublished), United States v. Washington, No. 20-2333, 2023 WL 2945902 (3d Cir. Apr. 14, 2023) (unpublished), and Savage v. United States, No. 21-3046, 2022 WL 17660329 (6th Cir. Dec. 8, 2022) (unpublished)).) The Rule 60(b)(1) Motion likewise invokes Taylor. (See Docket Entry 140 at 3; see also id. at 2 ("Since filing the [S]upplemental [S]ection 2255 [Motion] . . . [contesting] whether [Petitioner] can be sentenced [for] a consecutive §924(c) [offense predicated on an] attempted [a]rmed [b]ank [r]obbery[,] new developments in law has [sic] occurred.").)

The Court may grant a motion to alter or to amend a final judgment under Federal Rule of Civil Procedure 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins.

9

Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); see also Rule 12, Rules Governing Sect. 2255 Proceedings ("The Federal Rules of Civil Procedure . . ., to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); Scarborough v. United States, Nos. 1:12CR43, 1:14CV400, 2016 WL 3063941, at *3 (M.D.N.C. Apr. 19, 2016) (unpublished) (applying Pacific Insurance elements to motion under Federal Rule of Civil Procedure 59(e) brought in Section 2255 proceeding), recommendation adopted, 2016 WL 3072258 (M.D.N.C. May 31, 2016) (unpublished) (Beaty, S.J.). In turn, "Federal Rule of Civil Procedure 60(b)(1) allows a party to seek relief from a final judgment based on, among other things, a 'mistake.' . . . [A] judge's errors of law are indeed 'mistakes' under [Federal] Rule [of Civil Procedure] 60(b)(1)." Kemp v. United States, ___ U.S. ___, ___, 142 S. Ct. 1856, 1860 (2022) (internal brackets omitted); see also id. (addressing application of Federal Rule of Civil Procedure 60(b)(1) to Section 2255 proceeding).

The Court should deny the Rule 59(e) Motion, because it satisfies none of Pacific Insurance's three elements, i.e., it cites neither (1) an intervening change in the law nor (2) any new evidence which would warrant altering or amending the Court's Order and Judgment dismissing this habeas action and (3) reveals no clear error of law or other form of manifest injustice committed by the

10

Court in entering the Order and Judgment dismissing this habeas action. The Rule 60(b)(1) Motion similarly lacks merit, as it does not establish any mistake/legal error in that Order and Judgment.

As quoted above, the Rule 59(e) Motion and the Rule 60(b)(1) Motion both challenge Petitioner's Section 924(c) conviction on Count Six based on Taylor; however, as detailed above, the prior recommendation adopted by the Court (per Judge Tilley) in the Order and Judgment dismissing this habeas action fully considered Taylor's implications for Petitioner's Johnson claim as to his conviction on Count Six.[5] In other words, the Rule 59(e) Motion and the Rule 60(b)(1) Motion simply repeat (or ask the Court to re-address) the same basic arguments which Petitioner presented (or could have presented) in connection with his Supplemental Section 2255 Motion raising the Johnson claim and/or his objections to the recommendation of denial of his Johnson claim, which arguments the

---

[5] That fact refutes the assertion in the Rule 59(e) Motion that the "[O]rder [and Judgment] did not address the merits of [Petitioner's] timely filed constitutional claim [based on Johnson] that the 'mandatory consecutive sentences under §924(c) were imposed in violation of the [C]onstitution or laws of the United States'" (Docket Entry 138 at 3 (quoting Docket Entry 89 at 1)), as well as the parallel assertion in the Rule 60(b)(1) Motion (see Docket Entry 140 at 2 ("challeng[ing] the defect in the intergrity [sic] of the habeas proceeding, i.e., the Court's failure to address the merits of his constitution [sic] claim whether his constitutional right were [sic] violated when he was sentenced to a consecutive [prison term for a] §924(c) [conviction predicated on an] attempted [a]rmed [b]ank [r]obbery").

11

Court already rejected (by adopting the recommendation of denial of his Johnson claim, notwithstanding the ruling in Taylor).

Controlling authority forecloses relief under these circumstances. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) ("[Federal] Rule [of Civil Procedure] 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–28 (2d ed. 1995))); United States v. Williams, 674 F.2d 310, 312-13 (4th Cir. 1982) ("To the extent that the post-judgment motion sought to have the district court reconsider its ruling . . ., it was clearly improper, because [Federal] Rule [of Civil Procedure] 60(b) does not authorize a motion merely for reconsideration of a legal issue. . . . [T]he word 'mistake' in [Federal] Rule [of Civil Procedure] 60(b)[(1)] has indeed been read to include mistakes by the court. Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by [Federal] Rule [of Civil Procedure] 60(b)." (internal citation omitted)); see also Akeva, LLC v. Adidas Am., Inc., 385 F. Supp. 2d 559, 565 (M.D.N.C. 2005) (Osteen, Sr., J.) ("Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided.").

In any event, as other courts have recognized since the Supreme Court affirmed the Fourth Circuit's decision in Taylor, "[Petitioner's] reliance on . . . *Taylor* fails, . . . because attempted armed bank robbery under . . . § 2113(d) requires proof of the use, attempted use, or threatened use of physical force." Sylla v. United States, No. 1:20CV1608, 2023 WL 2973778, at *3 (S.D. Ind. Apr. 17, 2023) (unpublished), appeal filed, No. 23-1895 (7th Cir. May 11, 2023). Most notably, "§ 2113(d) requires the United States to prove as an element of its case that the defendant [] 'in attempting to commit,' the robbery 'assaulted any person, or put in jeopardy the life of any person by the use of a dangerous weapon or device.'" Id. (internal brackets and citation omitted) (quoting 18 U.S.C. § 2113(d)). Accordingly:

> [Petitioner's] conviction under 18 U.S.C. § 2113(a) and (d) constitutes a crime of violence under the force clause [of §924(c)]. [Petitioner's] challenges to his conviction and sentence [on Count Six] based on [*Johnson*]/*Davis* and *Taylor* are without merit. Even though *Davis* [extended the logic of *Johnson* and] invalidated §924(c)(3)(B)'s residual clause, attempted armed bank robbery under §2113(a) and (d) is still a crime of violence under §924(c)(3)(A)'s force clause and constitutes a valid predicate crime of violence for the purposes of [Petitioner's] conviction[ on Count Six].

Id. at *4 (stray comma and internal citation omitted); see also Wilson v. Warden, FCI-Herlong, No. 2:21CV793, 2023 WL 2746101, at *4 (E.D. Cal. Mar. 31, 2023) (unpublished) ("Taylor answered a narrow question not at issue in [the] petitioner's case: Does attempted Hobbs Act robbery qualify as a crime of violence under 18

13

U.S.C. § 924(c)(3)(A)? The Supreme Court did not address whether any other offense . . . constitutes a crime of violence. Indeed, the Supreme Court's decision turned on the specific statutory language of the Hobbs Act . . . . Taylor applies to a different predicate crime, attempted Hobbs Act robbery, which involves distinct attempt elements and disparate mens rea from those involved in [the] petitioner's crimes." (internal quotation marks and citation omitted)), recommendation adopted, 2023 WL 3738162 (E.D. Cal. May 31, 2023) (unpublished).[6]

**IT IS THEREFORE RECOMMENDED** that Petitioner's Rule 59(e) Motion (Docket Entry 138) and his Rule 60(b)(1) Motion (Docket

---

[6] The cases cited by Petitioner in his Request to Take Judicial Notice (see Docket Entry 139 at 5-6) do not alter the above analysis. Two of those cases involve Section 924(c) convictions predicated on attempted bank robbery under Section 2113(a) and attempted robbery of personal property of the United States under 18 U.S.C. § 2112, not attempted armed bank robbery under Section 2113(d). See Washington, 2023 WL 2945902, at *2 (attempted bank robbery under Section 2113(a)); Savage, 2022 WL 17660329, at *1-2 (attempted robbery under Section 2112). In the third such case, the Sixth Circuit did not reach the merits of the petitioner's proposed claim that Davis and Taylor together invalidated his Section 924(c) conviction predicated on an attempted armed pharmacy robbery in violation of 18 U.S.C. § 2118(a) and (c); rather, the Sixth Circuit merely (A) "conclude[d] that [he] ha[d] made a prima facie showing that . . . attempted armed [pharmacy] robbery might no longer qualify as a crime of violence under either the now-invalid residual clause or the use-of-force clause," Patterson, 2022 U.S. App. LEXIS 34759, at *3 (emphasis added), and thus (B) "grant[ed] the [petitioner's] motion for authorization to file a second or successive § 2255 motion," id. at *3-4 (bold and all-caps font omitted); see also Docket, Patterson v. United States, No. 2:22CV2880 (W.D. Tenn.) (reflecting continued pendency of successive Section 2255 motion authorized by Sixth Circuit in case cited by Petitioner).

14

Entry 140) both be denied without issuance of a certificate of appealability.

                                                        /s/ L. Patrick Auld
                                                        **L. Patrick Auld**
                                  **United States Magistrate Judge**

July 6, 2023